UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARMEN STONE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>    Defendant. | Case No.  5:24-cv-08579-BLF<br><br>**ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Re:  ECF No. 11] |

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint.  ECF No. 11 ("Mot.").  Defendant opposes the motion.  ECF No. 15 ("Opp.").  Plaintiffs filed a Reply in support of the motion.  ECF No. 18 ("Reply").

The Court finds this motion suitable for disposition without oral argument and VACATES the hearing set for April 24, 2025.  *See* Civ. L.R. 7-1(b).  For the following reasons, the Court hereby GRANTS Plaintiffs' motion.

## I. BACKGROUND

Plaintiffs Carmen and Lawrence Stone commenced this action against Jaguar Land Rover North America, LLC ("JLRNA") in the Superior Court of California for the County of Santa Clara on August 1, 2024.  *Stone v. Jaguar Land Rover North America, LLC*, No. 24CV444427 (Cal. Super. Ct. filed Aug. 1, 2024).  Plaintiffs asserted claims under California's Song-Beverly Consumer Warranty Act based on their purchase of a used 2019 Jaguar I-pace vehicle (the "subject vehicle").  Declaration of James P. Mayo in Support of Defendant's Notice of Removal of Action ("NOR Mayo Decl."), Ex. A ¶¶ 7, 22–32 (ECF No. 1-2).  Defendant was served on August 6, 2024.  NOR Mayo Decl., Ex. A at 1.

JLRNA removed the action to the United States District Court for the Northern District of California on November 27, 2024.  ECF No. 1.  Defendant asserts that removal was timely and

1    that federal diversity jurisdiction exists, because Plaintiffs made a settlement demand to Defendant
2    for an amount in excess of the $75,000 minimum for invocation of federal diversity jurisdiction on
3    October 28, 2024.  *Id.* ¶¶ 4–6.  Defendant states that the status of the amount-in-controversy
4    requirement was unclear prior to that date because Plaintiffs' Complaint listed the value of the
5    subject vehicle as $72,357.93.  *Id.* ¶ 6.  Finally, Defendant states that there is complete diversity
6    because Plaintiffs reside in California, *id.* ¶ 29, while Defendant is a "limited liability company
7    duly organized and existing under the laws of the State of Delaware, with its principal place of
8    business in the State of New Jersey," *id.* ¶ 30.  Plaintiffs have not sought remand.
9             On January 15, 2025, Plaintiffs filed the present Motion for Leave to File First Amended
10   Complaint.  ECF No. 11.

## II.   LEGAL STANDARD

12           Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely
13   given when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is]
14   to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*,
15   203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).  In
16   deciding whether to grant leave to amend, the Court must consider the factors set forth by the
17   Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth
18   Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court
19   ordinarily must grant leave to amend unless one or more of the *Foman* factors is present:
20   (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by
21   amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence*
22   *Capital*, 316 F.3d at 1051–52.  "[I]t is the consideration of prejudice to the opposing party that
23   carries the greatest weight."  *Id.* at 1052.  However, a strong showing with respect to one of the
24   other factors may warrant denial of leave to amend.  *Id.*

## III.  DISCUSSION

26           Plaintiffs seek to amend their Complaint to add additional causes of action, among other
27   modifications.  Mot. at 2.  They argue that the standard for leave to amend is extremely liberal,
28   and that delay alone is not a reason to deny an effort to amend.  *Id.* at 3–4.  Additionally, they

1    argue that Defendant cannot meet its "heavy burden to show prejudice," because amendment is
2    being sought early in the litigation. *Id.* at 5.  In response, Defendant argues that Plaintiffs' motion
3    should be denied for failure to adequately meet and confer, that Plaintiffs have unduly delayed in
4    asserting their new claims, which could have been alleged in the original Complaint, and that it
5    would be futile for Plaintiffs to add several of their proposed claims. Opp. at 3–7.  Defendant also
6    urges the Court to decline to assert supplemental jurisdiction over Plaintiffs' proposed breach of
7    warranty claims. *Id.* at 8.

8          As a preliminary matter, the Court agrees with Plaintiffs that defense counsel had an
9    adequate opportunity to request further conferral prior to Plaintiffs' counsel filing the motion. *See*
10   Reply at 1; Declaration of James P. Mayo in Support of Defendant Jaguar Land Rover North
11   America, LLC's Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint
12   ("Mayo Decl."), Ex. B (ECF No. 15-3).  Plaintiffs' counsel contacted defense counsel on January
13   8 to request stipulation to amendment of the Complaint by no later than January 10.  *Id.* at 3.
14   Although defense counsel responded to that email on January 8, *id.* at 2–3, he did not indicate that
15   he needed more time to consider whether to stipulate to the amendment, nor that he would be
16   unavailable between January 9 and January 19.  Thus, even if Plaintiffs' counsel *was* required to
17   meet and confer prior to filing this motion, defense counsel's failure to effectively communicate
18   that Plaintiffs' planned filing date might be problematic rendered it reasonable for Plaintiffs'
19   counsel to proceed with filing when they did.

20         Moving to the Rule 15 analysis, the Court concludes that the *Foman* factors favor
21   Plaintiffs.  This case is still in its early stages: very limited discovery has occurred, no motions
22   have been filed, and the case schedule has not yet been set by the Court.  It has been
23   approximately five months since the suit was filed, and Plaintiffs sought to amend less than two
24   months after the action was removed to federal court.  As a result, the Court does not believe that
25   Plaintiffs have unduly delayed in seeking to amend.  Defendant's out-of-circuit and Rule 19–
26   related authority, *see Keledjian v. Jabil Circuit, Inc.*, No. 17-cv-0332, 2017 WL 3437652, at *2–4
27   (S.D. Cal. Aug. 10, 2017); *Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F.3d 57, 72
28   (1st Cir. 2001), is unpersuasive in light of Ninth Circuit precedent instructing that the Rule 15

standard is to be applied "with extreme liberality," due to the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1051–52 (emphasis in original).

Likewise, given the early stage of the proceedings, the Court finds that Defendant is not prejudiced by Plaintiffs' proposed amendment. Nor does the Court see any evidence of bad faith or dilatory motive, and this is not a situation of *repeated* failure to cure deficiencies by amendment, since Plaintiffs have not previously sought to amend. *Cf. Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (affirming denial of leave to amend where the plaintiff's effort to amend came approximately five years into the litigation and after he had "already been afforded two opportunities to amend").

The only real question, therefore, is whether Plaintiffs' proposed amendment would be futile as to at least certain of the proposed new claims. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002)). Defendant challenges Plaintiffs' proposed first cause of action for Breach of Express Warranty under the Song-Beverly Act and Plaintiffs' proposed fifth cause of action for violation of the Magnuson-Moss Warranty Act, which Defendant argues is premised upon the Song-Beverly Act claim. Opp. at 5–7.

The crux of Defendant's futility argument is that "the protections offered by [section 1793.2] of the Song-Beverly Act only apply to vehicles that are purchased new," and Plaintiffs purchased a used vehicle. Opp. at 5–6. The Court notes, however, that Plaintiffs' Song-Beverly Act claim was in the original Complaint. NOR Mayo Decl., Ex. A ¶¶ 22–32. Indeed, as the redline version of the proposed First Amended Complaint attached to Plaintiffs' motion shows, Plaintiffs' proposed edits to the First Cause of Action are largely stylistic, with two short substantive additions. ECF No. 11-1 at 54. The statutory basis and theory underlying the claim has apparently not changed. Because Defendant answered the initial Complaint rather than seeking dismissal of the Song-Beverly Act claim at that time, NOR Mayo Decl., Ex. B (ECF No. 1-3), it seems that Defendant is attempting to use its Opposition to the present motion to secure a do-over of its earlier decision not to seek dismissal of Plaintiffs' first cause of action. The Court

4

rejects this effort.

Moreover, "[a]n amendment is futile when '*no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (emphasis added) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). A Song-Beverly Act claim can be viable as to a used car under certain circumstances, *see Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334, 340 (2019), and Plaintiffs' Complaint could be amended to add allegations that the subject vehicle was a certified pre-owned used vehicle. Therefore, amendment is not "futile." And since Defendant's argument regarding the Magnuson-Moss Act is relevant only to the extent that the underlying state law claim (i.e., the Song-Beverly Act claim) fails, the Court rejects Defendant's futility argument as to the Fifth Cause of Action as well.

In sum, none of the *Foman* factors counsels against the presumption in favor of granting leave to amend.[1] Plaintiffs may file the First Amended Complaint attached as Exhibit 2 to the Declaration of William E. Kennedy in Support of Reply to Opposition to Motion for Leave to File First Amended Complaint (ECF No. 18-1).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 11) is GRANTED. Plaintiffs SHALL file the First Amended Complaint on the public docket no later than February 14, 2025.

**IT IS SO ORDERED.**

Dated: February 11, 2025

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court is also unimpressed with Defendant's argument that the Court should "decline to assert supplemental jurisdiction" over Plaintiffs' proposed new warranty claims, Opp. at 8, given that Defendant elected to remove this action to federal court based on diversity jurisdiction.